AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

FATHIA HUSSEIN,

**SUMMONS IN A CIVIL CASE**

V.

SOCIETE AIR FRANCE,

CASE NUMBER:

# 08 CV 0199

## JUDGE SCHEINDLIN

TO: (Name and address of defendant)

SOCIETE AIR FRANCE
125 West 55th Street
New York, New York 10019

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ABRAM I. BOHRER
DANKNER & MILSTEIN, PC
41 EAST 57TH STREET, 36 FLOOR
NEW YORK, NEW YORK 10022

an answer to the complaint which is herewith served upon you, within _____ Twenty (20) _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JAN 1 0 2008

CLERK

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

FATHIA HUSSEIN,

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

SOCIETE AIR FRANCE,

08 CV 0199

JUDGE SCHEINDLIN

TO: (Name and address of defendant)

SOCIETE AIR FRANCE
125 West 55th Street
New York, New York 10019

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ABRAM I. BOHRER
DANKNER & MILSTEIN, PC
41 EAST 57TH STREET, 36 FLOOR
NEW YORK, NEW YORK 10022

an answer to the complaint which is herewith served upon you, within _____ Twenty (20) _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JAN 1 0 2008

CLERK

DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
FATHIA HUSSEIN,

                              **COMPLAINT AND**
                              **JURY TRIAL DEMAND**

                    Plaintiff,

         -against-

SOCIETE AIR FRANCE,

                    Defendant.
------------------------------------------------------X

         The plaintiff FATHIA HUSSEIN by her attorneys DANKNER & MILSTEIN, P.C. as and

for her complaint against Defendant SOCIETE AIR FRANCE alleges the following upon

information and belief:

1.       The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal

         question is presented pursuant to the Convention for the Unification of Certain Rules for

         International Carriage by Air done at Montreal on May 28, 1999 (hereinafter known as the

         "Montreal Agreement").

2.       Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391, in that defendant SOCIETE

         AIR FRANCE (hereinafter known as "AIR FRANCE") has offices and transacts business

         in the Southern District of New York.

3.       Plaintiff resides in the State of New York.

4.       Upon information and belief, defendant AIR FRANCE is a foreign corporation, authorized

         to do business in the State of New York.

5.       Upon information and belief, defendant AIR FRANCE has offices for the transaction of

         business located in the City, County and State of New York.

6.       Upon information and belief, defendant AIR FRANCE was and is a common carrier engaged

         in the business of transporting passengers for hire by air.

Airport Jamaica, New York on October 14, 2006 to Cairo Egypt(the "subject flight").

8      On October 14, 2006, plaintiff FATHIA HUSSEIN was a fare-paying passenger lawfully aboard the subject flight.

9.     Upon information and belief, defendant AIR FRANCE owned, serviced, maintained, repaired and/or operated the subject aircraft.

10.    On the aforesaid flight, defendant AIR FRANCE employed a flight crew consisting of, but not limited to a pilot and co-pilot and flight attendants.

11.    While in flight, an accident occurred in the restroom of the aircraft which caused plaintiff FATHIA HUSSEIN to suffer serious personal injuries.

12.    Said injuries resulted from an accident or unexpected or unusual event or occurrence external to the plaintiff and not from the plaintiff's internal reaction to the normal operation of the aircraft.

13.    Following said accident, defendant AIR FRANCE flight crew failed to provide proper medical attention to plaintiff.

14.    As a result of the foregoing, defendant AIR FRANCE is liable to pay full, fair and reasonable damages to plaintiff under the Montreal Agreement together with the International Air Transport Association Intercarrier Agreement on Passenger Liability which defendant AIR FRANCE incorporated into its conditions of carriage prior to October 14, 2006.

15.    The Carrier cannot meet its burden of proving that it took all necessary measures to avoid the subject accident insofar as its negligence also caused or contributed to the accident, and plaintiff's resulting injuries.

**WHEREFORE,** plaintiffs demand judgment against defendant AIR FRANCE in an amount to be determined at trial together with interest, cost and disbursements of this action.

<u>JURY DEMAND</u>

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: New York, New York
        December 10, 2007

BY:_____
DANKNER & MILSTEIN, P.C.
Attorney for Plaintiff
41 East 57th Street, 36th Floor
New York, NY 10022
Tel. No.: (212) 751-8000
Abram I. Bohrer, Esq.(AB 4336)