UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FATHIA HUSSEIN, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-CV-0199 (SAS) |
| | ) |
| | ) |
| SOCIÉTÉ AIR FRANCE | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT SOCIETE AIR FRANCE**

Defendant Société Air France (hereinafter referred to as "Air France"), by its attorneys,

Holland & Knight LLP, as and for its Answer and Affirmative Defenses to Plaintiff's Complaint

herein, and for the purposes of this case only, hereby admits, denies, and alleges, upon

information and belief, as follows:

1.     Admits the allegations in paragraph 1 of the Complaint.

2.     Admits the allegations in paragraph 2 of the Complaint.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 3 of the Complaint.

4.     Admits the allegations in paragraph 4 of the Complaint.

5.     Admits the allegations in paragraph 5 of the Complaint.

6.     With respect to the allegations in paragraph 6, admits that Air France is a carrier

engaged in the business of transporting passengers for hire by air.

7.     Admits the allegations in paragraph 7 of the Complaint.

1

8.      With respect to the allegations in paragraph 8, Air France admits that Plaintiff was a passenger aboard Flight 017 on October 14, 2006 and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9.      With respect to the allegations in paragraph 9, Air France admits that it was responsible for the service, maintenance, repair and/or operation of Flight 017 on October 14, 2006.

10.     Admits the allegations in paragraph 10 of the Complaint.

11.     Denies the allegations in paragraph 11 of the Complaint.

12.     Denies the allegations in paragraph 12 of the Complaint.

13.     Denies the allegations in paragraph 13 of the Complaint.

14.     Denies the allegations in paragraph 14 of the Complaint.

15.     Legal conclusion does not require a response.  To the extent that a response is deemed necessary, Air France denies the allegation in paragraph 15 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

16.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

17.     Plaintiff's claims are preempted, either explicitly or implicitly, in whole or in part, by federal law, including but not limited to the Federal Aviation Act and/or the Airline Deregulation Act and/or applicable Federal Aviation Regulations or Homeland Security Regulations.

## THIRD AFFIRMATIVE DEFENSE

18.     The alleged acts and/or omissions of Air France were not the legal or proximate cause of any injuries to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

19.    Plaintiff's claims are barred as a result of Plaintiff's own negligence.

## FIFTH AFFIRMATIVE DEFENSE

20.    The alleged incident was the result of the fault, negligence, want of care, gross negligence, intentional act or acts or omissions of persons or entities other than Air France and over which Air France has no authority or control and was not the result of any fault, negligence, want of care, or other acts of omissions on the part of Air France.

## SIXTH AFFIRMATIVE DEFENSE

21.    The incident and any resulting damages were due to the fault, neglect, want of care, or independent intervening or superseding acts or omissions or other culpable conduct of other parties or persons for which Air France is neither liable nor responsible and were not the result of any fault, neglect, want of care, or other culpable conduct on the part of Air France or its agents, servants, or employees.

## SEVENTH AFFIRMATIVE DEFENSE

22.    The injuries or damages allegedly sustained by Plaintiff, which Air France denies, were the result of Plaintiff's embarking upon or concurring in an activity and a course of conduct that Plaintiff knew or should have known would subject him to the hazards and risks out of which the alleged injuries or damages arose, and Plaintiff's recovery is thereby barred or, in the alternative, diminished in proportion thereto.

## EIGHTH AFFIRMATIVE DEFENSE

23.    To the extent that Plaintiff failed to mitigate her alleged damages, any recovery must be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

24.     To the extent provided by applicable law, Plaintiff's recoverable damages, if any, must be reduced to take account of any collateral source payments that have been or will be made to or for the benefit of Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

25.     Plaintiff's rights, if any, against Defendant are exclusively governed by and subject to the provisions of the Montreal Convention and, to the extent not inconsistent with the Montreal Convention, the tariffs of Defendant on file with the United States Department of Transportation and/or counterpart agencies in France and the Defendant's Conditions of Carriage as referenced in the relevant contract of transportation.  Pursuant to the Montreal Convention and applicable tariffs and Conditions of Carriage, Defendant is not liable to Plaintiff or, in the alternative, the liability of Defendant is limited.

## ELEVENTH AFFIRMATIVE DEFENSE

26.     Pursuant to Article 20 of the Montreal Convention, Defendant asserts that, to the extent that alleged damage was caused or contributed to by the negligence or other wrongful act or omission of Plaintiff, Defendant shall be wholly or partially exonerated from any alleged liability to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

27.     Pursuant to Article 21 of the Montreal Convention, the liability of Defendant, if any, for recoverable damages under Article 17 of the Montreal Convention is limited to the lesser of provable damages or an aggregate sum not in excess of 100,000 Special Drawing Rights because: (a) Plaintiff's alleged damages were not due to the negligence or other wrongful

act or omission of Defendant or its servants or agents; and/or (b) Plaintiff's alleged damages were solely due to the negligence or other wrongful act or omission of a third party.

## THIRTEENTH AFFIRMATIVE DEFENSE

28.     Some or all of the damages claimed by Plaintiff are limited or are not recoverable under applicable law.  Further in the event damages are to be awarded to Plaintiff, such damages should be reduced or offset by various benefits received under applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

29.     Plaintiff seeks damages for injuries which are not compensable under applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

30.     To the extent Plaintiff alleges punitive damages claims, such claims are barred or limited by provisions of the Montreal Convention, United States Constitution, state constitutions, or other applicable law including, without limitation, proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protection of the laws.

## SIXTEENTH AFFIRMATIVE DEFENSE

31.     Air France intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserves the right to amend its Answer to assert such defenses.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Air France hereby gives notice that it may seek the application of the laws of a foreign country in this matter.

WHEREFORE, Air France prays that judgment be entered in its favor, dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing together with costs and disbursements and such other and further relief as is just and proper.

Dated:    March 19, 2008

Respectfully submitted,

By _____
David J. Harrington
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007
(212) 513-3200  Phone
(212) 385-9010  Fax

*Counsel for Air France*

# 5171168_v1